UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:10cv405 |
| | ) |
| LAKESIDE MOTOR COMPANY, INC., | ) |
| d/b/a HARBOR CHRYSLER JEEP DODGE, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion to certify for interlocutory appeal, filed by the defendant, Lakeside Motor Company, Inc., d/b/a Harbor Chrysler Jeep Dodge ("Harbor"), on February 11, 2013.

For the following reasons, the motion will be denied.

Discussion

On January 11, 2013, this court entered an order denying Harbor's motion for summary judgment and motions to strike. Harbor has now invoked 28 U.S.C. § 1292(b) which provides for interlocutory appeals when the order in question "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...."

The plaintiff, James Davis ("Davis"), has sued Harbor under Title VII claiming that he was terminated because of his race (Count I) and that his termination was in retaliation for complaining of workplace harassment and discrimination (Count II). Davis has also brought a claim pursuant to 42 U.S.C. § 1981, alleging racial harassment (hostile work environment) and discrimination (Count III). In its January 11 Order, this court held that Davis had presented

direct evidence of racial discrimination as Davis had presented evidence that he was repeatedly called "nigger" in the workplace by his supervisor, Mike Nichols. Based on this evidence, the court held that Davis was entitled to proceed to a jury.

In its present motion, Harbor contends that the court should not have denied summary judgment because Davis had not presented any evidence that the derogatory comments were related to his termination.[1] However, as the court noted in the January 11 Order, Davis complained about the racial comments to his supervisors at Harbor, and was terminated shortly thereafter. Therefore, a jury could conclude that Nichols' racial animosity infected the employment decision. *Smith v. Wilson*, No. 11-2496 (7th Cir. Jan. 23, 2013); *Brown v. East Mississippi Electric Power Ass'n*, 989 F.2d 858 (5th Cir. 1993)( "Pippen's routine use of racial slurs constitutes direct evidence that racial animus was a motivating factor in the contested disciplinary decisions."). "Direct evidence" is not "absolute evidence". That is, it is not evidence such that the jury is only permitted to arrive at one conclusion. If this were the case, a plaintiff in a "direct evidence" case would be entitled to a grant of summary judgment (if the plaintiff made such a motion). Rather, direct evidence is evidence directly showing that the decisionmaker had a discriminatory animus.

Harbor insists that a trial would be fruitless in this case because it believes Davis does not have any evidence that he was fired because of his race. However, assuming that Davis presents his case at trial as a mixed-motive case, he need only show by a preponderance of the evidence that racial animosity was a *motivating factor* in Harbor's decision to terminate him. 42

---

[1] Harbor also requests interlocutory appeal on the issue of whether the court properly denied Harbor's motion to strike comparator evidence. Again, as Davis has direct evidence of discrimination the comparator evidence is irrelevant and Harbor's motion was properly denied.

U.S.C. 2000e-2(m)[2]. Davis has evidence of racial animosity by his supervisor, which a reasonable jury could conclude was a motivating factor in Davis' termination. *See Smith v. Wilson,* No. 11-2496, slip op. at 6 (7th Cir. Jan. 23, 2013)("[E]vidence of [defendant's] racism certainly could have allowed a jury to attribute [plaintiff's] exclusion solely to race...").

In any event, it is clear that Harbor's motion is an improper use of the interlocutory appeal statute. The Seventh Circuit indicates that interlocutory appeals of a non-final order under § 1292(b) are generally disfavored because they are an exception to the final judgment rule, they interrupt the progress of a case and prolong its disposition, and an avalanche of interlocutory appeals would result if every procedural ruling was subject to appellate review. *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 669 (7th Cir.1999). The Seventh Circuit has explained the meaning of question of law under § 1292(b) as a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. *Ahrenholz v. Bd of Tr. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

A "question of law" as used in § 1292(b) does not reference a question of "…whether the party opposing summary judgment had raised a genuine issue of material fact…". *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum, LLC*, 2012 WL 589292, *2 (N.D. Ind. Feb. 21, 2012). A pure question of law, appropriate for interlocutory appeal, would be "…something the court of appeals could decide quickly and cleanly without having to study the record…", and "…an abstract legal issue rather than an issue of whether summary judgment should be

---

[2] 42 U.S.C. 2000e-2(m) provides that: "Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."

granted…". *Bitler*, 2012 WL 589292, at *2 (citing *Ahrenholz*, 219 F.3d at 677). A "…denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable…". *Bitler*, 2012 WL 589292, at *2 (citing *Ahrenholz*, 219 F.3d at 676).

Accordingly, for the foregoing reasons, Harbor's motion for interlocutory appeal will be denied.

## Conclusion

On the basis of the foregoing, Harbor's motion to certify for interlocutory appeal [DE 86] is hereby DENIED.

Entered: March 28, 2013.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court