UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES DAVIS                          )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )    Case No. 3:10-CV-405 JD
                                     )
LAKESIDE MOTOR COMPANY, INC.,        )
                                     )
        Defendant.                   )

## OPINION AND ORDER

Now before the Court are the parties' motions in limine [DE 167, 174] and objections to

the opposing party's exhibits [DE 170, 173]. The parties' motions in limine are prolific, but in

many cases relate to evidence that does not exist or that neither party plans to offer anyway. The

Court denies those portions of the motions as moot, but should either party wish to offer such

evidence, they should notify the opposing party immediately, and prior to offering the evidence,

so that the matter can be raised with the Court if necessary. Certain of the requests also lack

enough specificity to be useful as orders in limine, such as a blanket request to preclude lay

witnesses from offering expert opinions. The Court denies those portions of the motions as well,

but the parties remain free to raise those objections on an individual basis at trial.

The Court also notes that, as with any orders in limine, these rulings are preliminary in

nature and are subject to change as the case unfolds, particularly if the evidence at trial differs

from what was contained in the parties' proffers. *Luce v. United States*, 469 U.S. 38, 41–42

(1984) (An order in limine "is subject to change when the case unfolds, particularly if the actual

testimony differs from what was contained in the defendant's proffer. Indeed even if nothing

unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion,

to alter a previous *in limine* ruling."). That said, the Court addresses each of the motions in limine in turn, followed by the objections to the trial exhibits.

## I. DEFENDANT'S MOTIONS IN LIMINE [DE 174]

**1.  Evidence of Defendant's insurance coverage**

Granted. Defendant seeks to exclude evidence of its liability insurance pursuant to Rule 411. Plaintiff objects, but at the final pretrial conference he confirmed that he does not intend to offer such evidence unless Defendant somehow opens the door, and that he will approach the Court prior to offering such evidence. Because no admissible purpose for this evidence is currently apparent, the Court grants the motion.

**2.  Statements made during settlement negotiations**

Granted without objection.

**3.  References to discovery disputes and untimely production of documents**

Granted in part. Defendant seeks to exclude any reference to discovery disputes or its untimely production of certain documents. Plaintiff does not object, but wishes to be able to cross examine witnesses regarding Defendant's investigation of his charges of discrimination, which the Court does not interpret as being encompassed by this request. The Court thus grants the motion, subject to the Court's previous order on Plaintiff's motions for sanctions [DE 140], in that if Defendant references or elicits testimony on the matters addressed in that order, the Court will instruct the jury to disregard those matters and will inform it that the reason for the instruction is that the Defendant failed to comply with its discovery obligations.

**4.  References to the parties' motions in limine**

Granted without objection.

**5.**     **"Golden rule" arguments**

Granted in part. Defendant seeks to bar the "'Golden Rule' argument, which invites the jury to place itself in the plaintiff's shoes." Plaintiff does not object, so the Court grants the motion. The Court notes, however, that an element of Plaintiff's harassment claim is that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive, so the Court will not construe this motion as limiting Plaintiff in any way relative to this element of proof.

**6.**     **References to Defendant's corporate status**

Denied as overbroad. Defendant requests that any reference to its corporate status should be barred. The Court agrees that arguments that appeal to prejudice against corporations are improper, but the fact that Defendant is a corporation is apparent from its name, and even Defendant proposed a jury instruction that the jury should give corporations the same consideration they would give any individual person. In addition, Plaintiff must establish a basis for employer liability as part of his harassment claim, and some limited reference to the Defendant's corporate status may be appropriate in that context. Thus, barring any reference at all to the Defendant's corporate status would be overbroad, so the Court denies this motion, though the parties remain free to object on an individual basis should any argument improperly appeal to prejudice against corporations.

**7.**     **References to underlying facts during voir dire**

Denied. Defendant requests that the facts related to this matter be barred from the voir dire process. That request is overbroad, as at least some of the underlying facts have to be shared with the venire in order to select a qualified jury. Further, this request need not be addressed through an order in limine, as the Court will be conducting voir dire itself, and has given the

parties ample opportunity to propose and to object to any questions the Court intends to ask during the process.

**8.      Legal conclusions by any witness**

Denied as lacking specificity.

**9.      Witnesses, exhibits, or contentions that Plaintiff did not timely disclose**

Denied. The only evidence Defendant identifies as falling in this category relates to Plaintiff's claim for attorney fees, which is not an issue for the jury, and which Plaintiff does not propose to offer.

**10.     Defendant's subsequent remedial measures**

Granted without objection. Evidence of any subsequent remedial measures, including the changing of Defendant's hiring procedures following Plaintiff's termination, will be excluded.

**11.     Financial situation of the parties**

Taken under advisement. Defendant seeks to exclude evidence of its financial situation. Where punitive damages are at issue, though, as here, a party's financial situation may be relevant. *Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 485 (7th Cir. 2003); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1287 (7th Cir. 1995). Defendant argues that punitive damages will be limited by a statutory cap that is so low—either $50,000 or $100,000, 42 U.S.C. § 1981a—that the probative value of this evidence would be substantially outweighed by the danger of unfair prejudice. The Court disagrees that any damages caps substantially affect the probative value of such evidence, since no damages caps apply to section 1981, 42 U.S.C. § 1981a(b)(4) (stating that the caps on compensatory and punitive damages for Title VII claims shall not "be construed to limit the scope of, or the relief available under, section 1981 of this title"), and even if Title VII's caps were to apply, those amounts would still be considerable punitive damages awards. However, without knowing what evidence Plaintiff intends to offer on

this subject, if any, the Court cannot conduct a Rule 403 analysis, and therefore reserves ruling on this motion until trial, at which time the parties should raise the issue outside the presence of the jury before offering such evidence.

12.    **"Send a message" arguments**

Denied, for the same reason as the previous request. Punitive damages are at issue, and even if statutory caps (of which the jury will not be informed) apply, a jury could consider those amounts to be sending a message, so this argument is proper as long as it is limited to the purpose of punitive damages.

13.    **Defendant's confidential or proprietary documents**

Denied, as neither party is aware of any such documents that might be offered at trial.

14.    **Testimony of non-called witnesses**

Granted. Defendant asks the Court to bar comments regarding the Defendant's failure to call a certain witness. Plaintiff responds by arguing that, consistent with Seventh Circuit Pattern Jury Instruction 1.19, it can ask the jury to draw an adverse inference from the Defendant's failure to call a witness. However, that instruction is only appropriate where the missing witness was only available to the party against whom the inference would be drawn. Plaintiff has not identified any such witness, so this argument would be improper and the Court grants this motion.

15.    **Comments on a party's failure to call certain experts**

Denied, as neither party has identified any expert witnesses or indicated any possibility of making such comments.

**16.    Prior allegations, claims, lawsuits, or complaints of discrimination against Defendant**

Denied. At the final pretrial conference, Plaintiff stated that he is unaware of any such evidence, so there is no need for an order in limine to prevent him from offering it. To the extent any such evidence may become available Plaintiff is cautioned to notify the Court prior to disclosure to the jury.

**17.    Evidence of Mike Wilson as a comparator**

Denied. Defendant seeks to bar evidence of Mike Wilson as a comparator to Plaintiff, on the basis that a single comparator is insufficient to prove discrimination. However, Plaintiff does not need to prove his entire case through every piece of evidence he offers. *See* Fed. R. Evid. 401 (defining relevant evidence as evidence that has "any tendency to make a fact more or less probable than it would be without the evidence"). Comparator evidence is probative of discrimination and retaliation, *Coleman v. Donahoe*, 667 F.3d 835, 860 (7th Cir. 2012) (recognizing "evidence . . . that similarly situated employees were treated differently" as probative of discrimination and retaliation), and there is little if any prejudicial aspect to this evidence, so this motion is denied.

**18.    Plaintiff's EEOC charges of discrimination**

Denied. Defendant seeks to prevent Plaintiff from offering his EEOC charges of discrimination into evidence, on the ground that they are hearsay. If offered by Defendant, these would be statements of a party opponent, but that exclusion to the hearsay rule does not apply if Plaintiff offers them. Nonetheless, Plaintiff also argues that the charges could constitute prior consistent statements, and these documents could be admitted on that basis if Plaintiff lays the necessary foundation, so the motion is denied.

**19.  Plaintiff's response to the Indiana Department of Workforce Development request for information**

Denied. As with Plaintiff's charges of discrimination, this would be hearsay if offered by Plaintiff, but could potentially be admitted as prior consistent statements.

**20.  Plaintiff's lost wage summary**

Granted without objection. Plaintiff has withdrawn the exhibit at issue.

**21.  Use of the words "nigger" or "nigga"**

Denied. In Defendant's motion, it seeks to exclude any use of the words "nigger" or "nigga" at trial, and asks the Court to instruct counsel and every witness to only use the term "N word" instead. As written, this motion is frivolous, as what words were said and in what manner are squarely at issue in this case, as are the effect those words actually had on Plaintiff and the effect those words would have had on a reasonable person, so the inflammatory nature of these words is probative of disputes that are central to this case. At the final pretrial conference, Defendant narrowed its request somewhat, and asked that the words only be permitted to be used by witnesses in describing exactly what was said and how, and that counsel should only be allowed to use the words on a single occasion, in order to clarify his subsequent uses of the term "N word." This is somewhat more reasonable, but the Court still views this request as too restrictive, as the inflammatory nature of these words is directly at issue in this matter. The motion is therefore denied.

That said, the Court has no intention to permit excessive or gratuitous use of these words by either party in this matter. These words are exceptionally offensive and inflammatory, and the Court will not permit counsel to use them in a manner that crosses the line from a desire to inform to a desire to inflame. Where appropriate, counsel should use the term "N word" instead.

**22.      Plaintiff's income or work history after August 2009**

Denied as moot. Defendant's argument on this motion relates only to Plaintiff's claim for back pay and front pay, which the Court has already ordered will not be presented to the jury.

**23.      Wrongdoing by the Defendant before October 11, 2008**

Denied. Defendant seeks to exclude evidence of any discrimination that occurred prior to October 11, 2008, on the basis that it would be outside the 180-day statute of limitations. However, as Plaintiff correctly argues, this motion is based on the wrong limitations period, as Plaintiff had 300 days to file his charges of discrimination and retaliation, so this motion is denied.

**24.      Testimony by Plaintiff about statements to him from employees that were not his supervisors**

Denied. Defendants seeks to bar Plaintiff "from testifying about any statements to him from any employees of the defendant that were not his supervisors," on the grounds that the statements would be hearsay, and that stray racial comments should not be admitted unless Plaintiff can link them to the decisionmakers. As to the first ground, such statements may be hearsay, but only if offered for the truth of the matters asserted, and only if no exception applies. Without knowing what statements, if any, Defendant is actually referring to, the Court cannot conduct this analysis. Likewise for the second ground, there is no indication what statements Defendant is referring to or that Plaintiff would be offering them for the purpose of establishing a racial animus by his supervisors. Therefore, the motion is denied, but may be raised on an individual basis at trial.

**25.      Evidence that Mr. Nichols accused Plaintiff of stealing a tire iron**

Granted. Defendant seeks to exclude evidence that Mr. Nichols accused Plaintiff of stealing a tire iron at some point after terminating Plaintiff's employment. Plaintiff asserts that at

some point shortly after his employment with Defendant, Mr. Nichols reported to the police that Plaintiff stole a floor jack[1] out of the body shop, and that Plaintiff was subsequently questioned by police officers. Plaintiff argues that this evidence is relevant since treating similarly situated people outside of Plaintiff's protected class more favorably can suggest that Mr. Nichols harbored a racial or retaliatory animus, which motivated him to harass and fire Plaintiff.[2] That may be correct in theory, but Plaintiff has not made a sufficient showing to support an inference that Mr. Nichols made this accusation because of Plaintiff's race or protected activity. There is no information before the Court indicating what accusation Mr. Nichols actually made, what his basis for that accusation was, whether he made similar accusations against any other individuals, or whether he had any reason to make similar accusations against any other individuals, for example. Thus, at this time, there is no basis from which a jury could find that Mr. Nichols actually treated similarly situated individuals differently as to this incident, such as would be required in order for this evidence to be relevant. Further, the risk that this accusation could require a trial within a trial to establish each of the above issues, thus unduly wasting time and confusing the issues for the jury, would be substantial, so Rule 403 would also present an obstacle to introducing this evidence.

As to Defendant's argument in the alternative that this evidence should be excluded because it occurred outside the timeframe of Plaintiff's employment, that is not an appropriate basis for excluding the evidence. Evidence can be probative of Mr. Nichols' racial or retaliatory

---

[1] Defendant refers to the item as a tire iron, while Plaintiff refers to it as a floor jack, though it is clear they are referring to the same thing. Because this is Defendant's motion, the Court uses Defendant's term.

[2] As to retaliation, the Court construes Plaintiff's argument to be that this incident is probative of Mr. Nichols' motive and intent to retaliate, not that Plaintiff is suggesting that this incident could be an alternate basis for the jury to find in his favor on the retaliation claim, as he has not requested jury instructions on that issue and has not suggested that he is seeking damages for having been questioned by police rather than for having been fired.

animus even if it took place before or after the time Plaintiff was actually employed. In fact, even Defendant has submitted records of discipline it took against other of its employees outside the timeframe of Plaintiff's employment, to show a lack of discriminatory reason for actions it took during Plaintiff's employment. Though distance in time from the actions at issue can diminish the relevance of such evidence, the fact that an incident occurred after Plaintiff's employment is itself rather unimportant. The Court therefore does not rely on that ground to exclude the evidence.

**26.      Opinion testimony by lay witnesses**

Denied as lacking specificity.

**27.      Testimony that defense counsel intimidated or coerced any witness**

Granted. Defendant seeks to exclude evidence or questioning as to whether counsel intimidated or coerced any witness. At the final pretrial hearing, Plaintiff noted that he may have evidence that a witness was intimidated or coerced, but that the intimidation or coercion was by the employer, not by counsel. Since allegations of such actions by counsel could be highly prejudicial, and do not appear to be at issue, the Court grants this motion, and bars any suggestion of coercion or intimidation by counsel.

**28.      Testimony or argument that Defendant was negligent**

Denied. Defendant seeks to exclude any evidence or argument that the defendant was negligent, on the basis that Plaintiff did not adequately assert such a theory in his complaint or in his charge of discrimination to the EEOC. After discussing this request at the final pretrial conference, the Court invited the parties to submit supplemental briefs on this issue, and the Court has considered those filings as well. To narrow the issue, the Court notes that the only context in which Plaintiff could possibly have a burden of proof to establish Defendant's negligence would be the employer liability element of his hostile work environment claim. There

are two different standards for meeting this element, depending on whether the harasser was the employee's supervisor or merely a co-worker. If the harasser was a supervisor, then the defendant is liable unless the harassment did not culminate in a tangible employment action and the defendant establishes an affirmative defense. However, "[i]f the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions." *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013). In Plaintiff's complaint and his EEOC charge, Plaintiff alleged that he was harassed by Mr. Nichols, his supervisor. He did not also allege in the alternative that Mr. Nichols was his co-worker, though, so Defendant argues that Plaintiff has failed to assert a theory of co-worker harassment and should be barred from arguing such a theory at trial.[3]

The Court finds that Defendant's arguments are misplaced for several reasons. First, Defendant has cited no authority indicating that the negligence standard cannot also be used where the harasser is a supervisor.  The supervisor standard, which permits vicarious liability and is easier for a plaintiff to meet, is not available when the harasser is merely a co-worker, *Vance*, 133 S. Ct. at 2439, but that does not necessarily mean the opposite is true. In fact, as the Supreme Court stated in *Ellerth*, an employer's own negligence is always a basis upon which it can be held liable for harassment:

> [A]n employer is liable when the tort is attributable to the employer's own negligence. § 219(2)(b). Thus, although a *supervisor's sexual harassment* is outside the scope of employment because the conduct was for personal motives, *an employer can be liable, nonetheless, where its own negligence is a cause of the harassment*. An employer is negligent with respect to sexual harassment if it knew or should have known about the conduct and failed to stop it. Negligence sets a minimum standard for employer liability under Title VII . . . .

---

[3] The Court further notes that this entire issue is likely to be moot, as there does not appear to be any colorable basis for arguing that Mr. Nichols does not constitute a supervisor.

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 758–59 (1998) (emphasis added). Thus, even though Plaintiff alleged that Mr. Nichols was his supervisor, he is every bit as entitled to pursue a negligence theory as he is a vicarious liability theory, as to which Defendant does not object.

Second, Defendant's argument that Plaintiff was required to plead this theory of employer liability misstates the requirements of the notice pleading system. Plaintiff is not required to plead the legal theories supporting his claim; he is merely required to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Johnson v. City of Shelby*, No. 13-1318, slip op. at 1 (U.S. Nov. 10, 2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."). The Complaint adequately states a claim against the Defendant for racial harassment and contains ample facts supporting negligence as a basis for employer liability, and it need not have specified which of the alternate theories of employer liability Plaintiff intended to pursue. To the extent Defendant claims it did not have adequate notice of Plaintiff's intent to pursue this theory, its own Answer refutes that claim, as its thirteenth defense states, "[R]easonable care was exercised to prevent and correct promptly any alleged discriminatory or harassing behavior . . . ." [DE 9]. Defendant's similar argument that Plaintiff did not advance this theory in his EEOC charge of discrimination fails for the same reason, as Defendant has cited no authority suggesting that such charges need to assert legal theories. Therefore, Defendant's motion is denied.

## II.  PLAINTIFF'S MOTIONS IN LIMINE [DE 167]

**a.    Lawsuits or administrative actions filed by or against Plaintiff**

Denied as moot, as neither party is aware of such evidence.

**b.      Monies Plaintiff may have been paid from previous or subsequent claims or lawsuits**

Denied as moot.

**c.      Claims for unrelated general emotional distress made by Plaintiff in other matters**

Denied as moot.

**d.      The amount of unemployment benefits Plaintiff received**

Denied, as this only relates to Plaintiff's claim for back pay, which has been addressed by previous orders of the Court.

**e.      Plaintiff's claim for unemployment benefits prior to his employment with Defendant**

Granted. Defendant objects to this request on the basis that this evidence would demonstrate that Plaintiff was fired from prior positions for good cause, such as repeated absences. The Court fails to understand how the fact that Plaintiff submitted a claim for unemployment benefits would show that he was fired for repeated absences (and even then, Defendant would have to fit this evidence through Rule 404(b)), so this motion is granted.

**f.      Prior criminal acts or bad acts by Plaintiff**

Denied, as neither party is aware of such evidence.

**g.      Evidence and exhibits related to Plaintiff's back pay and front pay claims**

Granted. As this Court has previously ordered, Plaintiff's claims for back pay and front pay are issues for the Court to decide if necessary, not for the jury. Accordingly, Defendant's exhibit D, as well as the portions of Defendant's exhibits A, B, OO, PP, QQ, and RR that pertain to Plaintiff's work history and wages, will not be admitted.

**h.      Documents not produced during discovery**

Granted. Plaintiff seeks to exclude Defendant's exhibit C, to the extent that it contains any documents not included in Plaintiff's version of the EEOC file. Defendant may use any documents contained in Plaintiff's version of the file, as discussed in the Court's sanctions

13

order—so long as it establishes an admissible basis for each document—but while Defendant's exhibit list notes that this exhibit contains Plaintiff's version, the exhibit that Defendant submitted was its own version of the file. The Court therefore grants this motion, so to the extent that if Defendant seeks to admit any portions of this exhibit, they must be contained in Plaintiff's version of the file.

### i.   Affidavits from Defendant's employees

Denied. Plaintiff seeks to exclude Defendant's exhibits S, T, U, V, and CC, which are affidavits from various Lakeside employees. These are unlikely to be admitted, as they would constitute hearsay if offered for their truth, but they could conceivably be used for impeachment or through an exception to the hearsay rule, so the Court declines to exclude these exhibits' use in their entirety. Should the Defendant seek to admit these documents, it will need to lay an appropriate foundation for their admissibility, and the Court will consider objections on an individual basis at trial.

### j.   Defendant's exhibits that lack foundation

Denied. Plaintiff seeks to exclude fourteen of Defendant's exhibits on the basis that they lack foundation. Most of these exhibits are subject to other more specific motions in limine, and many of them have been stricken or limited through those motions. Thus, the Court declines to separately address them under this more general objection.

### k.   Defendant's exhibits that were designated without specificity

Denied. Plaintiff seeks to exclude exhibits that Defendant designated without the requisite degree of specificity, as required by this Court's Scheduling Order. However, the Court finds that the Defendant has adequately designated these exhibits, so it declines to exclude any exhibits on this ground, but notes that many of them are subject to other rulings.

**l.     Documents not disclosed by Defendant with its trial exhibits**

Denied as already addressed through other motions in limine and by this Court's

Scheduling Order.

**m.     Expert testimony and evidence**

Denied, as Defendant has identified no such testimony or evidence, so an order in limine

on this topic is unnecessary.

**n.     Medical records and reports**

Denied, as no such evidence has been identified.

**o.     Expert opinions by lay witnesses**

Denied as lacking specificity.

**p.     References to settlement negotiations**

Granted.

**q.     Police reports or surveillance of Plaintiff**

Denied, as neither party is aware of any such evidence.

**r.     Documents concerning Plaintiff's employment subsequent or prior to his
employment with Defendant**

Granted, to the extent that Exhibit D is stricken. Plaintiff seeks to strike portions of

Defendant's exhibit D that contain or are based on information that Defendant learned through

subpoenas issued to his employers. Exhibit D is irrelevant, as the jury will not consider

Plaintiff's wage claim, so this exhibit will be stricken regardless of the source of its information.

**s.     Documents concerning Plaintiff's employment subsequent or prior to his
employment with Defendant**

Denied as redundant to the previous request.

t.      **Plaintiff's tax documents**

Denied, as these documents would only be relevant, if at all, to back pay and front pay, so

they have already been excluded through other orders.

u.      **Phone records or audio recordings of Plaintiff**

Denied, as no such evidence currently exists.

v.      **Testimony from undisclosed witnesses**

Denied. Plaintiff does not identify any witnesses that fit this description, so the Court will

address any such objections on an individual basis should this issue arise.

w.      **Evidence or argument of economic hardship that might accrue in the event of a judgment against Defendant, or that a judgment might cause in increase in insurance rates**

Granted without objection.

x.      **Evidence or argument as to the effect this verdict might have on future insurance rates**

Granted without objection.

y.      **Evidence or argument that a judgment against the Defendant would financially harm it or cause financial loss to other members of society**

Granted without objection.

z.      **Evidence or argument the Defendant sold its Chrysler Jeep Dodge franchise subsequent to Plaintiff's employment**

Granted without objection.

aa.     **Evidence or argument that, or when, Plaintiff hired an attorney**

Granted without objection.

bb.     **Evidence or argument that Plaintiff is seeking more money than they expect the jury to award**

Granted without objection.

### cc. Plaintiff's claim for attorney fees

Granted, to the extent that Defendant may not reference or comment on the fact that Plaintiff is seeking attorneys' fees. If necessary, the Court will determine at a later time whether attorneys' fees are warranted and in what amount.

### dd. Statutory damages caps

Granted. Statutory damages caps are issues for the Court to assess, and should not be disclosed to the jury.

### ee. References to society being overly litigious

Granted in part. Plaintiff seeks to bar "[a]ny reference to society in general being overly litigious, or that the Plaintiff is engaged in a 'scam' or 'scheme to defraud' any party, or playing the 'litigation lottery.'" Defendant objects to this motion because it believes that evidence of damages that Plaintiff did or did not receive in prior lawsuits is relevant. Any relevance to such evidence would be quite tenuous, but the Defendant has represented that it is not aware of any such evidence, so its objection to this motion is moot. Should that change, the Defendant must notify Plaintiff and the Court before using such evidence. The arguments Plaintiff seeks to bar through this motion would be improper, so the motion is granted, subject to the exception that Defendant is entitled to impeach Plaintiff's testimony, including by referencing Plaintiff's financial motivations, if appropriate.

### ff. References to or evidence of discrimination, harassment, or retaliation claims made by Plaintiff other than in this matter

Denied as redundant to previous motions, and since neither party is aware of any such evidence.

**gg.   References to or evidence of any monies Plaintiff may have been paid in other claims or lawsuits**

Denied as redundant to previous motions, and since neither party is aware of any such evidence.

**hh.   References to or evidence of disciplinary actions taken by Defendant's supervisors except for Mr. Nichols**

Denied. Plaintiff seeks to exclude any reference to or evidence of disciplinary actions taken by any supervisor other than Mr. Nichols. Defendant objects on the basis that comparisons to similarly situated employees are relevant. So long as Defendant can actually establish that the other employees are similarly situated, this evidence may be admissible, so the Court denies the motion. However, in order to offer these documents on that basis, Defendant will need to lay a foundation as to each disciplinary action such that the jury could find that the other employees were similarly situated. This will require Defendant to show at a minimum that there was a common decisionmaker between Plaintiff's discipline and each of the other disciplinary actions it seeks to admit, (which does not necessarily mean the employees reported to the same *supervisor*). *Coleman*, 667 F.3d at 847–48 (noting that a party must typically "demonstrate at a minimum that a comparator was treated more favorably by the same decision-maker who fired the plaintiff"). If that is the case, and Defendant can also show that the other employees were subject to the same standards of conduct as Plaintiff and that their misconduct was of comparable seriousness, then the fact that the other employees worked in other departments will not bar this evidence. *Id.* at 849 ("'[W]hen uneven discipline is the basis for a claim of discrimination, the most-relevant similarities are those between the employees' alleged misconduct, performance standards, and disciplining supervisor,' rather than job description and duties." (quoting *Rodgers v. White*, 657 F.3d 511, 513 (7th Cir. 2011)). Simply showing that other employees were disciplined by other supervisors is not enough, though.

The Court further notes that the relevance of such evidence may depend on the arguments Plaintiff advances at trial. If, for example, Plaintiff concedes that the disciplinary policy would have required his firing regardless of his race had he actually violated the policy, and only argues that he never violated the policy, then evidence as to how Defendant applied its policy to other employees might not be relevant (unless Defendant shows that those employees did not actually violate the policy either). On the other hand, if Plaintiff argues that his firing must have been discriminatory because no other non-black employees ever got fired or disciplined, then a much broader range of evidence may be admissible.

ii.     **References to or evidence of any disciplinary actions taken by Defendant after Plaintiff's termination**

Denied. Plaintiff seeks to bar any evidence of discipline that Defendant took against other employees after the date he was fired. Although any distance in time tends to diminish the relevance of such evidence, the fact that Plaintiff had already been fired at the time of the other disciplinary actions does not mean that they are irrelevant, so long as they involved common decisionmakers applying common standards to conduct of comparable seriousness.

jj.     **References to the EEOC's findings**

Granted. Plaintiff seeks to bar any reference to the EEOC's findings as to his charges of discrimination on the basis that they are hearsay and also excludable under Rule 403. Defendant opposes this request and argues that the EEOC's findings are admissible and that their probative value is not substantially outweighed by their prejudicial value.

The Court agrees with the Plaintiff. First, it is not apparent that the purported findings meet the exception to the rule against hearsay. Rule 803(8)(A)(iii), sets out an exception to the hearsay rule for a "record or statement of a public office if it sets out . . . factual findings from a legally authorized investigation" and "neither the source of information nor other circumstances

indicate a lack of trustworthiness." Here, the EEOC closed its investigations and issued a Right-to-Sue letter with a box checked next to the following text:

> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[DE 190-3, -4]. It is not clear what the EEOC means by this language, though. It could mean that the EEOC indeed made a finding that no discrimination or retaliation took place, but it could also mean that the EEOC was simply closing its investigation having not actually made a finding either way. Thus, it is unclear whether these letters satisfy the exception to the hearsay rule.

Even if the letters, or testimony to the same effect, were not excluded as hearsay, this evidence would easily be excluded under Rule 403. Under that rule, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, the probative value of evidence of the EEOC's investigation and findings, such as they are, is limited, as the jury will have the benefit of considering live testimony given under oath and tested through the adversary process, which was not available to the EEOC, and the Defendant has not suggested that any information was presented to the EEOC that will not also be available at trial. *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 624 (7th Cir. 2003) (upholding the exclusion of EEOC findings in part because the party "pointed to no evidentiary material available to the EEOC that was not otherwise available to the jury during trial"); *Halloway v. Milwaukee Cnty.*, 180 F.3d 820, 827 (7th Cir. 1999) (upholding the exclusion of administrative findings of discrimination in part because "the investigation was not based on sworn affidavits or depositions from both sides"); *EEOC v. Custom Cos., Inc.*, No. 02-cv-3768, 2007 WL 1810495 (N.D. Ill. June 21,

2007) (excluding EEOC findings after considering "the fact that the EEOC has no adjudicatory power, that statements made to the investigator were not under oath, and that evidence on matters investigated by the EEOC was available from other sources.").

Meanwhile, the dangers of unfair prejudice, confusing the issues, misleading the jury, and wasting time are substantial. As the Seventh Circuit has recognized:

> Whether an EEOC determination is in favor of a charging party or a respondent, a district judge or jury cannot evaluate the weight it deserves, if any, without understanding what evidence was presented to the EEOC and whether that evidence is properly admissible in court. That sort of effort will rarely add much to the probative value of the admissible evidence that is actually submitted to the court or jury for a de novo decision on the merits.

*Silverman v. Bd. of Educ. of the City of Chicago*, 637 F.3d 729, 733 (7th Cir. 2011). The time that this detour into the EEOC investigation would waste substantially outweighs the probative value of this evidence. Adding to that the danger that the jury could be misled or confused as to the nature and impact of the EEOC's findings, there is simply no question that this evidence should be excluded. Plaintiff's motion in limine is therefore granted, and the EEOC's findings as to Plaintiff's charges of discrimination will be excluded from trial.

**kk.    Plaintiff's social media pages**

Denied as premature, as Defendant has collected no such evidence.

**ll.    Improper opening or closing argument**

Denied as lacking specificity.

**mm.    Request for permission to use PowerPoint during opening statements**

Granted. Counsel may use PowerPoint presentations during their opening statements. However, to the extent counsel wish to include any content other than expected testimony or exhibits that counsel believe will be admitted into evidence, such as clipart or illustrations, for example, or if counsel include statements of the law that differ in any way from the Court's jury

instructions, counsel should disclose the particular slides to the opposing party ahead of time to avoid disruptions at trial.

**nn.      This motion in limine**

Granted, to the extent that the parties may not reference the filing of or ruling on any motions in limine.

**oo.      This motion in limine and the Court's order on it**

Denied as redundant to the previous request.

**pp.      Prior rulings and orders by the Court**

Granted without objection.

**qq.      Unemployment benefits Plaintiff received**

Denied as redundant to previous requests and as already addressed by the Court's order that back pay and front pay issues will not be decided by the jury.

**rr.      Attempts to argue against employer liability**

Denied. This is a disputed factual issue that has not been determined as a matter of law or stipulated to, so the parties are free to explore this issue through the evidence that is offered at trial.

**ss.      Attempts to argue that Mr. Nichols was unaware of Plaintiff's complaints against him**

Denied, for the same reasons as the previous request.

### III.  PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS [DE 170]

**Wage claim exhibits (Exhibits A, B, D, L, OO, PP, QQ, RR)**

Plaintiff objects to these exhibits on the basis that they are only relevant to back pay and front pay issues, which will not be presented to the jury. At the final pretrial conference, Defendant indicated that portions of exhibits A, B, OO, and RR are relevant to issues other than the wage claim, but conceded that the remaining exhibits are not relevant. Exhibits D, L, PP, and

QQ, as well as the portions of exhibits A, B, OO, and RR that pertain to wages, are therefore stricken. As to the remaining portions of those exhibits, the Court does not yet have enough information to assess the relevancy or admissibility of those portions, and will deal with those issues at trial should they arise.

**EEOC exhibits (Exhibits C, F, G, I, J, K, W, X, Y)**

Plaintiff objects to exhibits relating to the EEOC investigation. This includes the EEOC's investigation file (exhibit C); the EEOC's charge summary (exhibit F); the EEOC investigator's notes (exhibits G, J, K); the EEOC dismissal (exhibit I); Defendant's responses to the EEOC charges (exhibits W and X); and the correspondence from Mr. Ninkovich to the EEOC (exhibit Y).

For the same reasons discussed above that the Court is not admitting the EEOC's findings, the Court does not intend to admit any exhibits whose relevance is only their involvement in the EEOC investigation, and many of these exhibits also contain additional layers of hearsay. Thus, the only portions of these exhibits that are likely to be admissible are those that contain statements by the Plaintiff, or that have some other basis for admission or use, such as for impeachment or as recorded recollections. Otherwise, these exhibits are unlikely to be admitted.

**Disciplinary records of employees other than Plaintiff (Exhibit M)**

Plaintiff objects to this group exhibit on the basis that many of these records pertain to discipline for matters completely unrelated to attendance issues, which are at issue here, and handed down by supervisors who were not involved in disciplining him. As the Court discussed above relative to Plaintiff's motion in limine (hh), Defendant's discipline of other employees may become relevant if Plaintiff argues that Defendant applied its disciplinary policies dissimilarly based on his race, instead of merely arguing that he never violated the policy.

However, for each disciplinary record Defendant seeks to introduce, it will need to establish first that there was a common decisionmaker involved between Plaintiff's discipline and the discipline of the other employees. That is, Defendant will either need to show that Mr. Nichols was involved in the discipline of the other employee, or in the case of another supervisor, that that supervisor was involved in both Plaintiff's discipline and the discipline of the other employee.

Defendant will also need to show that Plaintiff and the other employees were subject to the same standards of conduct, and that that the infractions of each of the other employees were similar enough to Plaintiff's alleged infractions that a jury could reasonably infer that Defendant did or did not apply its policies to Plaintiff because of his race. This may be easy to do for the discipline of Mr. Wilkins and Mr. Kostantios, who were disciplined by Mr. Nichols for attendance reasons. As to employees who were disciplined for viewing pornography on company computers, though, or who were disciplined for poor performance, this showing is rather improbable, and those records are unlikely to be admitted.

**Indiana Department of Workforce Development Request for Information (Exhibit N)**

Plaintiff objects to this exhibit as hearsay. This document appears to be a form that was completed by Plaintiff, so it may be subject to a hearsay exception if Defendant can lay that foundation. However, at the final pretrial conference, the Defendant indicated that he was not sure how this exhibit is relevant anyway, so this issue is likely moot.

**Affidavits or Statements of Lakeside Employees (Exhibits S, T, U, V, Z, AA, CC, DD)**

Plaintiff objects to these exhibits, which contain various affidavits or written statements from Lakeside employees, as hearsay. Defendant stated at the final pretrial conference that it does not intend to offer these into evidence, but may use them for impeachment. Plaintiff is correct that these exhibits would be hearsay if offered by Defendant, so these exhibits will not be

admitted into evidence outright, though Defendant could potentially use them for impeachment or, if appropriate, have them read into the record as past recorded recollections.

Plaintiff also objects to exhibit DD, an affidavit from James Wilkins, on the basis that it was not properly disclosed during discovery. Defendant has not responded to that objection, so unless Defendant can demonstrate that it properly disclosed this exhibit, the Court will not permit the Defendant to use it for any purpose at trial, consistent with the Court's prior sanctions order.

**Plaintiff's Deposition (Exhibit EE)**

Plaintiff filed a number of objections to the use of his deposition at trial, both objecting to the relevance of certain portions of the deposition, and asking the Court to rule on certain objections made at the time of the deposition. [DE 169]. Defendant filed a response in which it states that it does not intend to use the deposition at trial, except possibly for impeachment. Accordingly, the Court will exclude the objected-to portions of the deposition, but Defendant may use the deposition to impeach Plaintiff with prior inconsistent statements, if appropriate.

**Plaintiff's employment file (Exhibit GG)**

Much of Defendant's exhibit GG, which contains Plaintiff's employment file, is irrelevant or contains inadmissible hearsay. To the extent Defendant wishes to offer any documents from this file, it should separate out those documents and must establish a basis for their admission.

**Defendant's Supplemental Rule 26(a)(1) Disclosures (Exhibit SS)**

Plaintiff objects to Defendant's exhibit SS, which is Defendant's supplemental Rule 26(a)(1) disclosures. There is no apparent basis for Defendant to offer its own disclosures into evidence, and counsel stated at the final pretrial conference that it does not intend to offer this exhibit, so the Court strikes this exhibit.

**IV.  DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS [DE 173]**

Defendant objects as a general matter to Plaintiff's exhibits on the basis that Plaintiff did not resend copies of the exhibits in advance of this second trial setting. The Court overrules this objection, as Plaintiff adequately notified Defendant of its exhibits. Defendant also objects to Plaintiff's lost wage summary, but Plaintiff has already withdrawn that exhibit. Finally, the Court notes that exhibits 11 and 12, which contain Plaintiff's EEOC charges, would constitute hearsay if offered by Plaintiff. At the final pretrial conference, Plaintiff indicated that he did not intend to offer these into evidence, but may use as prior consistent statements, if appropriate.

SO ORDERED.

ENTERED:  November 20, 2014 


_____/s/ JON E. DEGUILIO_____
Judge
United States District Court